IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| vs. | ) 2:20-CR-204-20 |
| ROBERT SMILEY, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Defendant Robert Smiley moves to reduce his 90-month sentence at Case No. 20-204 based on Amendment 821 of the Sentencing Guidelines. After careful consideration, the Court denies the motion.

Amendment 821 applies retroactively. U.S.S.G. § 1B1.10(d). A motion for reduction of sentence based on Amendment 821 follows a two-step process. *Dillon v. United States*, 560 U.S. 817, 826 (2010). Step one requires the district court to determine the defendant's "eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. Step two requires the district court to consider any applicable sentencing factors under Section 3553(a) to determine whether any reduction authorized in step one is warranted. *Id.*

Even assuming that Amendment 821 applies to Mr. Smiley's Guidelines calculation at step one, a reduced sentence would be inconsistent with the Section 3553(a) factors at step two.

A reduction is inappropriate because, at sentencing, Mr. Smiley already received a substantial benefit from his Rule 11(c)(1)(C) plea agreement. *Hughes v. United States*, 584 U.S. 675, 689 (2018) (courts can consider "the benefits the defendant gained by entering a Type–C agreement when it decides whether a reduction is appropriate"); *United States v. Rosa-Robles*, No. 2:19-CR-380, 2024 WL 449389, at *3 (W.D. Pa. Feb. 6, 2024) (Ranjan, J.) (denying motion to reduce sentence

where defendant "received a substantial benefit via his Rule 11(c)(1)(C) plea agreement that a reduced sentence would undermine").

By pleading guilty and stipulating to a sentence of 90 months at Case No. 20-204 for a lesser-included offense at Count One of the indictment, Mr. Smiley avoided a 10-year mandatory minimum sentence for the original charge of conspiracy to distribute 400 grams or more of fentanyl.  21 U.S.C. § 841(b)(1)(A)(vi).  Mr. Smiley also avoided the government's filing a Section 851 information to establish prior convictions, which would have increased his mandatory minimum sentence to 10 years.  21 U.S.C. § 841(b)(1)(B)(vi).

It was these beneficial trade-offs that largely drove Mr. Smiley's sentence, not the Guidelines.  In other words, given these benefits that Mr. Smiley received, even with a reduced Guidelines range, the Court would impose the same sentence.  *See Hughes*, 584 U.S. at 690 ("If the district court concludes that it would have imposed the same sentence even if the defendant had been subject to the lower range, then the court retains discretion to deny relief.").  It would, therefore, "frustrate the object of the parties' agreement, the Court's acceptance of the plea, and the purposes of sentencing" to reduce Mr. Smiley's sentence under these circumstances. *Rosa-Robles*, 2024 WL 449389, at *3 (finding that defendant's Rule 11(c)(1)(C) plea agreement "created an expectation that he would serve the time of his stipulated sentence instead of the mandatory minimum [sentence]" to which he would have been exposed).

So the Court, this 31st day of March, 2025, hereby **DENIES** the motion.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge